IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL VALDEZ                                                                                                PLAINTIFF

        v.                        Civil No. 4:08-cv-4124

MILLER COUNTY, ARKANSAS;
FORMER SHERIFF RAMBO; WARDEN
JANICE NICHOLSON; SHERIFF RONALD
STOVAL; NURSE JONI; SGT.
CAROLINA BALLARD; NURSE TRINA
OWEN; CORRECTIONAL OFFICER
COLLINS; and NURSE MELODY THOMAS                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      Plaintiff, Paul Valdez (hereinafter Valdez), filed this case under the provisions of 42 U.S.C. § 1983 on December 17, 2008. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      When he filed this action, Valdez was incarcerated in the Miller County Detention Center. *See Complaint* (Doc. 1) at page 2. On March 9, 2009, Valdez notified the Court that he had been moved to the Grimes Unit of the Arkansas Department of Correction (Doc. 7). He indicated he would be incarcerated there for approximately one to two months. *Id.* He stated he would notify the court upon his release. *Id.*

      Since June all mail the court has sent to Valdez at the Grimes Unit has been returned as undeliverable with the notation he has been paroled. *See docket entries dated* 6/26/2009; 6/30/2009; 8/31/2009; and 9/11/2009. Valdez has not informed the court of his new address. The last communication the court received from Valdez was his change of address entered on March 9, 2009

(Doc. 7).

I therefore recommend that this case be dismissed based on Valdez's failure to keep the Court informed of his current address and his failure to prosecute this case. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of October 2009.

                                            /s/ Barry A. Bryant  
                                            HON. BARRY A. BRYANT  
                                            UNITED STATES MAGISTRATE JUDGE